Louis L. Friedman, J.
In this article 78 proceeding, petitioner seeks to review and annul the respondent’s determination, which denied its application for a general rent increase under the 6% annual return formula. The basic issue presented is whether the respondent should have accepted the purchase price paid by the petitioner as a rent base within the meaning of the statute, instead of applying the equalized assessed valuation as the basis for computing the allowable net annual return.
The record reveals that on February 15, 1960, petitioner purchased the subject premises, a six-story elevator apartment house, for $345,000, and instituted the present proceeding three days later on February 18,1960. The terms of the sale consisted of a cash payment of $50,000, and the balance of the purchase price by taking title subject to a first mortgage of $77,380.33 and a purchase-money mortgage in the amount of $217,619.67, which latter mortgage provided for amortization payments of *932 2% per annum to commence four years from the date thereof, together with 6% interest.
The ground upon which the respondent rejected acceptance of the purchase price in favor of the equalized assessed valuation as the basis for computing the allowable net return, was that the purchase was not made on normal financing terms. The conclusion as to what constitutes normal financing rests upon a proper consideration of all the relevant facts, the determination of which was delegated by the Legislature to the sound discretion of the respondent. The only question before the court is whether the respondent exercised his discretion in a proper manner, based upon the record before him.
It is quite apparent that the respondent, in reaching his conclusion, used as his format not only existing case law but also the Legislative Report of the Special Committee Appointed by the Governor to Study the Provisions of the Emergency Residential Rent Control Law relating to the use by the respondent of the sales price of property sold in good faith as a basis for a determination of a fair return (see letter of transmittal dated Feb. 24,1961). On the basis of this report, the Legislature amended the rent laws and enacted the directives and factors in said Special Committee’s Report, and provided that these factors be used in determining whether a sale was on normal financing terms (Emergency Housing Rent Control Law, § 4, subd. 4, par. [a], cl. [1]; L. 1961, eh. 337).
While the rent commission could not consider the amended section of the law, since it will not become effective until June 30, 1961, it was justified in applying the suggestions of the special committee in reaching its determination to reject the sales price as the basis for a fair annual return. These factors, so suggested to be taken into consideration by the respondent, are: “ (a) The ratio of the cash payment received by the seller to (1) the sales price of the property and (2) the annual gross income from the property, (b) The total amount of the outstanding mortgages which are liens against the property (including purchase-money mortgages) as compared with the equalized assessed valuation of the property, (c) The ratio of the sales price to the annual gross income of the property, with consideration given to the total amount of rent adjustments, exclusive of service adjustments, previously granted, (d) The presence of deferred amortization in purchase-money mortgages, as well as the assignment of such mortgages at a discount, (e) Any other facts and circumstances surrounding such sales which may have a bearing upon the question of financing.”
*933 The respondent’s finding that the sale was not on normal financing terms in that the cash payment was less than 15%, that the mortgages exceeded the equalized assessed valuation, that the purchase money mortgage made no provision for amortization during the first four years, and that the purchase price was 9.48 times the rent roll, has basis in the record. "While no one of these factors taken alone would point to abnormal financing, taken together, in conjunction with the experience of the Rent Commission in such matters and the studies and reports of the special committee and the legislative committee, they lead to the conclusion that there is support for the respondent’s determination. This determination is further strengthened by the recent decision of the Appellate Division of the Second Department in Matter of Greenberg v. Herman (13 A D 2d 1008) where the court reversed a lower court determination made in a similar proceeding and sustained the respondent in its finding of abnormal financing.
There being sufficient evidence in the record to support the respondent’s determination, the court may not substitute its judgment for that of the administrative agency (First Terrace Gardens v. McGoldrick, 1 N Y 2d 1). Accordingly, the petition is dismissed.